UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-62148 -CIV-DAMIAN

**LILIAN VALLEJO**,

    Petitioner,

v.

**DIRECTOR, DHS ICE ERO Miami Field Office**, *et al.*,

    Respondents.

_____/

## ORDER FOLLOWING STATUS CONFERENCE AND HEARING

**THIS CAUSE** came before the Court following a Hearing on January 13, 2026, at which the parties, Petitioner, Lilian Rozana Vallejo ("Vallejo"), and Respondents, Director, U.S. DHS ICE ERO Miami Field Office, Acting Director, U.S. DHS ICE, Secretary, DHS, EOIR Director, and U.S. Attorney General (collectively, the "Respondents"), appeared before the undersigned, through counsel, to address Vallejo's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1 ("Petition"), filed October 23, 2025.

THE COURT has considered the Petition, the Respondents' Return to Verified Petition for Writ of Habeas Corpus [ECF No. 11 ("Response")], Petitioner's Reply [ECF No. 13], the pertinent portions of the record, and relevant authorities and is otherwise fully advised.

Vallejo, a citizen and national of Honduras, has been detained at the DHS ICE ERO Broward Transitional Center ("BTC") since approximately June 26, 2025. She entered the United States on or about May 11, 2008, near Hidalgo, Texas, where she was encountered by

United States Border Patrol Agents. The history of her interactions with Immigration authorities and courts is laid out in the Petition and Response and, therefore, will not be set out here.

In the Petition, Vallejo asserts that she is being detained in violation of the Due Process Clause of the Fifth Amendment of the United States Constitution, that she is entitled to a bond hearing before an immigration judge, and that Respondents violated the Administrative Procedures Act, 5 U.S.C. § 553 ("APA"), *et seq.*, by, *inter alia*, failing to give proper notice of an alleged parole revocation or bond breach. *See* generally, Pet. She requests this Court issue a writ of habeas corpus and declare that Respondents violated the Due Process Clause and the APA. Vallejo also requests that this Court order her release from immigration custody.

For the reasons stated and as further detailed on the record, it is hereby

**ORDERED AND ADJUDGED** that the Petition [**ECF No. 1**] is **GRANTED IN PART.** Notwithstanding the holding in *Matter of M-S-*, 27 I&N Dec. 509 (A.G. 2019), Respondents are directed to afford Vallejo a bond determination hearing **FORTHWITH** and in no event later than **January 23, 2026**. It is further

**ORDERED** that on or before **January 26, 2026**, Petitioners shall file a Status Report informing the Court of whether Petitioner was given a bond hearing, and, if so, the outcome of Petitioner's bond hearing, and the status of matters relevant to the Petition. It is further

**ORDERED** that this Court retains jurisdiction to address matters that may arise with respect to the Petition. It is further

**ORDERED** that the Clerk of Court is **DIRECTED** to **CLOSE** this case for *administrative and statistical purposes only* pending compliance with the instant order and until further Order of this Court.

To the extent this Court made additional or more detailed rulings on the record that are not memorialized in this written Order, those rulings are binding on the parties as set forth on the record.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 13th day of January, 2026.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**